**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:25-CR-00116- |
| | § | ALM-AGD |
| KYLON CORTEZ STUBBS (1) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Kylon Cortez Stubbs's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 10, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Matt Johnson.

Defendant was sentenced on April 8, 2024, before The Honorable David C. Godbey of the Northern District of Texas after pleading guilty to the offense of Possession of Stolen United States Mail; Aiding and Abetting, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of I, was 30 to 37 months. Defendant was subsequently sentenced to 34 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment; including alcohol restrictions. On March 4, 2025, Defendant completed his period of imprisonment and began service of the supervision term. On May 2, 2025, Defendant's conditions of supervision were modified to include a special condition ordering mental health treatment and taking all mental health medications prescribed by his treating physician. On June 4, 2025,

REPORT AND RECOMMENDATION – Page 1

jurisdiction was transferred from the Northern District of Texas to the Eastern District of Texas and assigned to The Honorable Amos L. Mazzant, III, Chief U.S. District Judge.

On June 11, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) Standard Condition Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change; (2) Standard Condition After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed; (3) Standard Condition Defendant must answer truthfully the questions asked by his probation officer; (4) Special Condition Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise his participation in the program. Defendant must pay any cost associated with treatment and testing; and (5) Standard Condition Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If he does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses him from doing so. If he plans to change where he works or anything about his work (such as his position or his job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is

REPORT AND RECOMMENDATION – Page 2

not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. (Dkt. #2 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) Defendant had an approved residence to live with his family in Allen, Texas. On May 7, 2025, Defendant left the residence without notice, and he has not returned. Defendant failed to report to the U.S. Probation Office and failed to notify the U.S. Probation Office of his change in residence. As of the writing of the Petition, Defendant's whereabouts were unknown, and he was considered an absconder from supervision; (2) On May 5, 2025, Defendant was instructed by phone to report to the Plano U.S. Probation Office for drug testing by 3:00 p.m. Defendant failed to report to the U.S. Probation Office as instructed; (3) On May 5, 2025, telephone contact was made with Defendant after the U.S. Probation Office was notified he failed to report for drug testing on April 29, 2025. Defendant was sleeping at the time of the call and contact was made with him after calling his mother, with whom he resided. Defendant stated he missed his drug test because he was in truck driving school, and he sent his probation officer a text message notification. After being informed his probation officer never received a text message from him, Defendant stated he must have mistakenly texted his probation officer's office number. Defendant was asked if he could show verification of that text message, and Defendant stated he deleted the text message. Defendant was admonished for failing to provide proper notification and advised nonetheless that if he did not get a text message response back, Defendant cannot just miss his drug test without being notified it was excused. In discussing his current schedule with Sage Truck Driving School, Defendant stated he was in class from 7:30 a.m. to 4:30 p.m., Monday through Friday. Defendant was asked why he was not there on that day, and he stated he was not feeling well. On May 7, 2025, contact was made with a representative at Sage Truck Driving School, located in Dallas, Texas. They advised the classroom

portion of the program has been finished for weeks. Sage Truck Driving School advised that Defendant is supposed to be doing the hands-on driving portion of the program, which were scheduled in 4-hour increments. However, Sage Truck Driving School had not heard from Defendant, and he had yet to complete their required drug test. On May 8, 2025, Defendant's probation officer received a phone call from Defendant's mother, Lavonda Stubbs. Defendant's mother stated she spent over $7,000 on the truck driving school for Defendant, and she learned on that date through the driving school that Defendant only went to class a few times back in March; (4) Defendant failed to report for drug testing at the U.S. Probation Office in Plano, Texas on April 29, and May 5, 7, and 28, 2025, as part of the U.S. Probation Office's random drug testing program; and (5) Defendant failed to secure full-time employment during his time on supervised release. Defendant had not been excused from finding full-time employment. (Dkt. #2 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1, 2, 4, and 5 in the Petition. Having considered the Petition and the plea of true to allegations 1, 2, 4, and 5, the court finds that Defendant did violate his conditions of supervised release.

The Government moved to dismiss allegation 3 in the Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of nine (9) months, with no term of supervised release to follow.

REPORT AND RECOMMENDATION – Page 4

The court further recommends that the Government's motion to dismiss allegation 3 of the Petition be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 10th day of April, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 5